

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0865-13

**ROBERT WHITFIELD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS FREESTONE COUNTY

**PRICE, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join the Court's opinion. We were certainly right in *Holloway* to characterize an opinion on the sufficiency of the evidence to support a convicting court's favorable finding under Article 64.04 as "advisory in nature."[1] But I agree with the Court that we were wrong to conclude that the advisory nature of such an opinion would necessarily mean that the appellate court lacked jurisdiction. For reasons the Court explains today, I believe that the

---

[1] *State v. Holloway*, 360 S.W.3d 480, 490 (Tex. Crim. App. 2012); TEX. CODE CRIM. PROC. art. 64.04.

Legislature has conferred jurisdiction on the courts of appeals to render what *Holloway* itself made clear are in the nature of "advisory" opinions[2]—at least with respect to findings under Article 64.04 that are *unfavorable* to Chapter 64 applicants.[3]  Whether the State is entitled to appeal from a *favorable* finding under Article 64.04 is a question for another day, but the possibility remains that we were right (if for the wrong reason) not to reach the merits in *Holloway*.[4]

FILED:       May 7, 2014
PUBLISH

---

[2]

    *See id*. at 486-87 (Chapter 64 provides for a finding with respect to the results of any DNA testing that may have been permitted, but "[i]t does *not* expressly go on to provide for any remedial action by the convicting court on the basis of that finding").  In the absence of any remedial provision in Chapter 64 itself, any appeal from the finding contemplated by Article 64.04 would be, indeed, "advisory in nature."  *Id*. at 490.  Nevertheless, I agree with the Court today that Article 64.05 constitutes a legislative endowment of jurisdiction upon the courts of appeals, in keeping with Article V, Section 6 of the Texas Constitution, to review an Article 64.04 finding—"advisory" though any appellate opinion with respect to that finding may be.  *See* Majority Opinion at 3-7 (citing TEX. CONST. art. V, § 6; TEX. CODE CRIM. PROC. art. 64.05).

[3]

    TEX. CODE CRIM. PROC. ch. 64;  *id*. art. 64.04.

[4]

    Article 64.04 authorizes nothing more than a finding from the convicting court.  It does not authorize that court to issue an order of any kind.  "Indeed, the only substantive *order* that Chapter 64 contemplates is the one that grants or denies the movant's request for DNA testing."  *Holloway*, 360 S.W.3d at 486.  But the only thing that Article 44.01 of the Texas Code of Criminal Procedure entitles the State to appeal from Chapter 64 proceedings is "an order . . . issued under Chapter 64."  TEX. CODE CRIM. PROC. art. 44.01(a)(6).  Since "[a]n appeal under [Chapter 64] is . . . in the same manner as an appeal of any other criminal matter," TEX. CODE CRIM. PROC. art. 64.05, and a favorable finding under Article 64.04 arguably does not constitute an "order" in contemplation of Article 44.01(a)(6), we may have correctly declined to address the State's second argument in *Holloway*, albeit for the wrong reason.  We need not resolve that question in the case presently before us.